# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

HENRY FARRAR TAYLOR v. MARY LOUISE TAYLOR.

June 12, 1946.

Record No. 3046.

Present, All the Justices.

ON A PETITION FOR A REHEARING.

PER CURIAM.

In the petition for a rehearing the appellant asks that we determine these matters which he says were urged in the petition for appeal and not settled in our former opinion.

He complains of the action of the trial court in modifying, from time to time, its decrees with respect to the custody of the child without any pleading or proof that such change was for the best interests of the child.

We agree that unless there is a rehearing on evidence already adduced, no change in the decree or decrees fixing the custody of the child should be made except upon a showing by competent evidence that such change is for the child's best interests. *Darnell* v. *Barker*, 179 Va. 86, 93, 94, 18 S. E. (2d) 271. Furthermore, such evidence should be based upon or preceded by the filing of a formal pleading—either a petition or a writ-

ten motion—alleging the necessity of such change, with the opportunity to the opposing party to answer the same.

The petition for a rehearing urges that we should have determined upon the present record whether the appellant father was entitled to the exclusive custody of the child on the ground that the mother had moved her residence to Washington, D. C., and intended to take the child there and beyond the jurisdiction of the court.

In our former opinion we held that the trial court erred in refusing to allow the appellant to file his petition and show, if he can, that for a number of reasons he should have exclusive custody of the child. Under this petition, or a proper amendment thereto, the appellant will have an ample opportunity of showing whether the removal of the child to Washington by its mother is for its best interests.

With this clarification of our views, the former opinion is adhered to and the rehearing is denied.

*Rehearing denied.*